## RICHARD S. COLE

### v.

## BENJAMIN SHETTERLY ET AL.

1. ANSWER IN CHANCERY—PROOF.—Allegation set up in answer, not responsive to the bill, to be availing must be sustained by affirmative proof.

2. CHANCERY PRACTICE.—A defendant is bound to apprize a plaintiff by his answer, of the nature of the case he intends to set up, in a clear and unambiguous manner, and a defendant can not avail himself of any matter in defense which is not stated in his answer, even though it should appear in his evidence.

3. EVIDENCE.—Where appellant was entitled to a decree, unless some affirmative matter in avoidance set up in the answer was sustained by a preponderance of the evidence. *Held*, after an examination of defendant's evidence, that even if it were based upon a sufficient answer, it falls far short of affirmatively establishing either a want of consideration or that any mistake was made in ascertaining the true state of accounts between the parties at the time the note was given.

APPEAL from the Circuit Court of Greene county; the Hon. G. W. HERDMAN, Judge, presiding. Opinion filed September 21, 1883.

Mr. HENRY C. WITHERS, for appellant; that no advantage

can be taken by appellees of the mistake made by appellant, cited Story's Eq. Jur. 171, § 157; Morton v. Smith, 86 Ill. 117; Ballance v. Underhill, 3 Scam. 453.

Mr. James W. English, for appellee.

Higbee, J.   This was a bill in chancery filed in the Circuit Court of Greene county to foreclose a mortgage alleged to have been executed by appellee, Benjamin Shetterly and Louisa his wife, to appellant, on March 12, 1876, to secure their note of that date for $807.50, payable to said Richard S. Cole, on December 25, 1876, with interest at the rate of ten per cent. per annum from date.   The land mortgaged was the property of the wife, and made to secure her debt.   It is averred in the bill that the date of the mortgage was by mistake written "1873" instead of 1876, and that the mortgagee, in the year 1881, intending to enter satisfaction of an old mortgage he had formerly held against the same parties for the same amount, and in renewal of which this mortgage and note were given by mistake, caused by the error in the date of said last named mortgage, entered satisfaction of the same on the margin of the record where the same was recorded, and afterward, on the 25th day of March, 1882, discovered his mistake and immediately drew cross lines over the satisfaction so written and made another entry thereon, notifying all persons interested that said mortgage was not in fact paid or satisfied.

Benjamin Shetterly answered, denying all the allegations of the bill and setting up payment.   Mrs. Shetterly, by her answer, admits the execution of the note and mortgage, but avers payment, and that the mortgage had been entered satisfied on the margin of the mortgage records where the same was recorded by the mortgagee, and that he made no mistake in making said entry.   She further sets up as a defense that Cole had received large sums of money from divers persons, which he knew belonged to her, and instead of applying the same on said mortgage debt as directed by her, he had wrongfully applied the same in payment of an account held by him against

her husband. Replications were filed to these answers and the cause heard on proofs preserved in the record, and a decree rendered dismissing the bill, from which an appeal is prosecuted to this court.

The note and mortgage described in the bill were read in evidence on the hearing, and appellant testified that when he entered satisfaction of the mortgage on the margin of the record, he intended to satisfy another and different mortgage which he had held against the same parties for the same amount, and which was given up to them when this mortgage was executed: that the mortgage in suit was executed on March 13, 1876, but dated, by mistake, on the 13th day of March, 1873, and that he was led into the error in entering satisfaction of the same by examining the date thereof. At the time he made the entry on the margin of the record he had a bill pending in the Greene Circuit Court to foreclose the mortgage, which was taken up for hearing in his absence, when defendants offered said satisfaction in evidence, and appellees' solicitors were taken by surprise and dismissed his bill, and soon after the present bill was filed. This evidence was wholly uncontradicted, and this proof, together with the note and mortgage in evidence, sustained every material allegation in the bill and entitled appellant to a decree, unless some affirmative matter in evidence set up in the answer was sustained by a preponderance of proof. The only new matters set up in the answers were payment and improper application of moneys received by Cole belonging to Mrs. Shetterly, to the account of her husband; these allegations are not responsive to the bill, and to be availing must be sustained by the defendants by affirmative proof: Story's Eq. Jur. 1528-9; Cummins v. Cummins, 15 Ill. 38; Walton v. Walton, 70 Ill. 142. Not only do the defendants fail to sustain these allegations by proof, but it is not even claimed or pretended that any payments have been made on this note nor money received by Cole belonging to Mrs. Shetterly, which could have been misapplied by him since its execution.

There had been dealings between the parties for several years, and there can be no doubt that the consideration for

the execution of the note and mortgage was understood by the parties at the time they were executed, to be based upon the former indebtedness of the mortgagors to the mortgagee, and much proof has been taken and is preserved in the record before us, for the purpose of showing that the consideration of the note had failed, or that it was given in settlement of accounts, and that a mistake had been made in stating the same and ascertaining the true balance due.    There is no foundation laid for this proof in either of the answers.    It is not responsive to any issue made by the pleadings, and must therefore be regarded as immaterial, for it is an inflexible rule of equity pleading, that a defendant is bound to apprize a plaintiff by his answer, of the nature of the case he intends to set up (and that too, in a clear, unambiguous manner), and that a defendant can not avail himself of any matter in defense which is not stated in his answer, even though it should appear in his evidence: 2 Danl. Chy. Pr. 240–1 and authorities there cited.

This evidence has been so fully discussed in the briefs of the respective parties, that we deem it proper to say, without reviewing it here in detail, that we have carefully and patiently examined the same as it appears, both in the abstract and in the record, and are of the opinion that even if it were based upon a sufficient answer, it falls far short of affirmatively establishing either a want or failure of consideration, or that any mistake was made in ascertaining the true state of accounts between the parties at the time the note was given.

The decree is reversed and the cause remanded.

Reversed and remanded.